IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JASON NATHANIEL GILMER, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:14cv00111 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| DR. SMITH, *et al.*, | ) | By: Norman K. Moon |
|     Defendants. | ) | United States District Judge |

This matter is before the court on Gilmer's motion for preliminary injunctive relief (Docket No. 57). Upon review of his motion, I conclude that Gilmer's request for injunctive relief is moot and, therefore, will deny his motion.

In his motion, Gilmer alleges that he feared for his safety in a particular housing unit at Green Rock Correctional Center ("GRCC") and asks the court to order that he be placed in "an appropriately safe housing unit." However, since filing the motion, Gilmer was released from incarceration and is currently incarcerated at the Southwest Virginia Regional Jail in Meadowview, Virginia. Gilmer does not allege that he fears for his safety at that facility.

The jurisdiction of federal courts is limited to live cases or controversies. U.S. Const. art. III, § 1. When a claim no longer presents a viable legal issue to resolve, the claim becomes moot. *Powell v. McCormack*, 395 U.S. 486, 496 (1969). If developments occur during the course of a case which render the court unable to grant a party the relief requested, the claim(s) must be dismissed as moot. *Blanciak v. Allegheny Ludlum Co.*, 77 F.3d 690, 698-99 (3d Cir. 1996). The transfer or release of a prisoner generally renders moot any claims for injunctive or declaratory relief relating to the former place of confinement. *See County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (prisoner's transfer rendered moot his claims for injunctive and declaratory relief); *Magee v.*

*Waters*, 810 F.2d 451, 452 (4th Cir. 1987) (holding that transfer of a prisoner rendered moot his claim for injunctive relief); *Taylor v. Rogers*, 781 F.2d 1047, 1048 n.1 (4th Cir. 1986) (holding that transfer made moot claim for injunctive relief); *Ross v. Reed*, 719 F.2d 689, 693 (4th Cir. 1983); *Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed.").

In this case, Gilmer is no longer incarcerated at GRCC and, therefore, no longer requires the preliminary injunction he requested. Accordingly, the court finds that Gilmer's claim for preliminary injunctive relief is now moot.[1] Therefore, Gilmer's motion is **DENIED**.[2]

The Clerk of the Court is directed to send a copy of this Order to the parties.

ENTER: This 29th of December, 2015.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[1] Further, the only remaining claim in this action is related to medical care Gilmer received from Dr. Smith. The allegations in the motion for preliminary injunctive relief are not related to his medical care claim in his underlying lawsuit, which arose at Keen Mountain Correctional Center. An interlocutory injunction is not appropriate when the harm complained of does not arise from the harm alleged in the complaint. *Omega World Travel v. TWA*, 111 F.3d 14, 16 (4th Cir. 1997). ("The purpose of interim equitable relief is to protect the movant, during the pendency of the action, from being harmed or further harmed in the manner in which the movant contends it was or will be harmed through the illegality alleged in the complaint."). "[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." *Id.*; *see also Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) ("a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.").

[2] Defendants filed a motion to stay discovery and for a protective order during the pendency of Gilmer's interlocutory appeal. Inasmuch as the interlocutory appeal has now concluded, *see* Docket No. 71, defendants' motion (Docket No. 60) is **DENIED as moot**.